**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

————————————

No. 24-11309

Non-Argument Calendar

————————————

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

LUIS ENRIQUE CRUZ,

*Defendant-Appellant.*

————————————

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:00-cr-00013-JAL-1

————————————

Before JILL PRYOR, BRASHER, and ANDERSON, Circuit Judges.

PER CURIAM:

Luis Cruz appeals the district court's denial of his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). He contends that a change in law establishes that he would receive a

shorter sentence if he were sentenced today, which constitutes an extraordinary and compelling reason for his release under the United States Sentencing Guidelines § 1B1.13(b)(6). He also argues that the district court abused its discretion by finding that the 18 U.S.C § 3553(a) factors weighed against his release and that he was a danger to the public. After careful review, we disagree and affirm.

## I.

In late 1999, Cruz engaged in a series of violent crimes. First, in October 1999, Cruz and an accomplice successfully robbed a Brinks courier at gunpoint. Next, in November 1999, Cruz and two accomplices successfully robbed another Brinks courier at gunpoint. Finally, several weeks later, Cruz fired a semiautomatic firearm at the driver of another vehicle because he "just felt like it." During the subsequent law enforcement pursuit, Cruz carjacked a van with a machine gun, began driving westbound in an eastbound lane (crashing into two occupied vehicles), fled on foot, and attempted to carjack another vehicle before finally being apprehended by the police.

Cruz pleaded guilty to the following crimes: one count of conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a) (Count I); two counts of Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a) (Counts II and V); three counts of use of a firearm in commission of a violent felony, in violation of 18 U.S.C. § 924(c)(1)(A) (Counts III, VI, and X); two counts of felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (Counts XII

and XV); two counts of possession of a machine gun, in violation of 18 U.S.C. § 922(o)(1) (Counts VII and XI); one count of attempted carjacking, in violation of 18 U.S.C. § 2119 (Count XIII); and one count of carjacking, in violation of 18 U.S.C. § 2119 (Count IX). The district court sentenced Cruz to 852 months of imprisonment, consisting of concurrent terms of 168 months on counts I, II, V, IX, and XIII and 120 months on counts VII, XI, XII, and XV; and a stacked 684-month term for his three section 924(c) convictions that included an 84-month consecutive term on count III and consecutive 300-month terms for counts VI and X. Cruz appealed his sentence, and we affirmed. *See United States v. Cruz*, 265 F.3d 1064 (11th Cir. 2001).

In 2023, Cruz filed a motion for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A), arguing that extraordinary and compelling reasons justify a reduction. The district court denied the motion, ruling that "(1) the § 3553(a) factors weigh heavily against any reduction in [Cruz's] sentence, and (2) a reduction in sentence would violate the policy statement established in [U.S.S.G.] § 1B1.13." Order Den. Mot. for Compassionate Release 4, Dkt. No. 154. Cruz appealed.

## II.

We "review a district court's denial of a prisoner's section 3582(c)(1)(A) motion for abuse of discretion." *United States v. Giron*, 15 F.4th 1343, 1345 (11th Cir. 2021) (citation omitted); *Dillon v. United States*, 560 U.S. 817, 826–27 (2010) (holding in an analogous section 3582(c)(2) analysis that after a court establishes

eligibility, it determines "in its discretion" whether "the authorized reduction is warranted, either in whole or in part, according to the factors set forth in § 3553(a)"). Abuse of discretion review "means that the district court had a 'range of choice,'" and we "cannot reverse just because we might have come to a different conclusion." *United States v. Harris*, 989 F.3d 908, 912 (11th Cir. 2021) (quoting *Sloss Indus. Corp. v. Eurisol*, 488 F.3d 922, 934 (11th Cir. 2007)). A district court abuses its discretion if it applies an incorrect legal standard, follows improper procedures in making the determination, or makes clearly erroneous factual findings. *United States v. Barrington*, 648 F.3d 1178, 1194 (11th Cir. 2011).

## III.

A district court has no inherent authority to modify a defendant's sentence and may do so "only when authorized by a statute or rule." *United States v. Puentes*, 803 F.3d 597, 605–06 (11th Cir. 2015). A district court may reduce a term of imprisonment under section 3582(c)(1)(A) only "if (1) the § 3553(a) sentencing factors favor doing so, (2) there are extraordinary and compelling reasons for doing so, and . . . (3) doing so wouldn't endanger any person or the community within the meaning of § 1B1.13's policy statement." *United States v. Tinker*, 14 F.4th 1234, 1237 (11th Cir. 2021) (quotation marks omitted). The district court may consider these elements in any order, and the absence of any of the three forecloses a sentence reduction. *See id.* at 1237–38.

Here, the district court ruled that the section 3553(a) factors weigh heavily against any reduction in Cruz's sentence. We may

affirm the district court's judgment on any ground that finds support in the record. *See McKay v. United States*, 657 F.3d 1190, 1195 (11th Cir. 2011). The district court's determination is supported by the record and is sufficient by itself to render Cruz ineligible for compassionate release.

Section 3553(a) requires the district court to consider the nature and circumstances of the offense, the history and characteristics of the defendant, the seriousness of the crime, and the need for the sentence to promote respect for the law, provide just punishment, protect the public from the defendant's crimes, and provide adequate deterrence. 18 U.S.C. § 3553(a). The weight given to any section 3553(a) factor is committed to the discretion of the district court. *Tinker*, 14 F.4th at 1241. "In situations where consideration of the § 3553(a) factors is mandatory, district courts needn't address each of the § 3553(a) factors or all of the mitigating evidence." *Id.* (internal citations omitted). An acknowledgment that the court considered all applicable section 3553(a) factors along with "enough analysis that meaningful appellate review of the factors' application can take place" is sufficient. *Id.* at 1240–41 (quoting *United States v. Cook*, 998 F.3d 1180, 1184–85 (11th Cir. 2021)).

In this case, the district court acknowledged the section 3553(a) factors and provided sufficient analysis. It considered the entire record (including Cruz's motion, the government's response, Cruz's reply, and the sealed PSI), and it sufficiently analyzed the relevant section 3553(a) factors.

First, the district court held that the nature and circumstances of Cruz's offenses do not support a sentence reduction. The district court recounted the details of Cruz's criminal behavior, highlighting his role in organizing violent robberies, his indifference to shooting someone in a traffic altercation, his "protracted flight from law enforcement," his successful and attempted carjackings, and his possession of several weapons (including a machine gun). Order Den. Mot. for Compassionate Release 4–5, Dkt. No. 154. Taken together, the district court concluded that "[t]he nature and circumstances . . . reveal a reckless disregard for the rights and safety of others that does not support any reduction in sentence." *Id.* at 5.

Second, the district court ruled that Cruz's history and characteristics do not support a sentence reduction. In its analysis, the district court referenced Cruz's criminal past and post-incarceration record. Specifically, the district court mentioned Cruz's conviction for robbery with a firearm prior to the current offenses, and it noted his recent disciplinary record for assaulting another inmate and verbally threatening to kill members of the prison staff.

Third, the district court ruled that Cruz's sentence balances the need to promote respect for the law, provide just punishment, protect the public from the defendant's crimes, and provide adequate deterrence. In its discretion, the district court held that Cruz's sentence is sufficient, but not greater than necessary, to meet these objectives.

24-11309                Opinion of the Court                7

We cannot say that the district court abused its discretion in analyzing the section 3553(a) factors and reaching its conclusion that Cruz is not entitled to a sentence reduction. The district court sufficiently weighed the relevant section 3553(a) factors and supported its determination with evidence from the record. The record supports the district court's section 3553(a) findings, and in any event, we will not reverse "just because we might have come to a different conclusion." *Harris*, 989 F.3d at 912.

Cruz's arguments to the contrary are unavailing. Cruz contends that the district court "improperly re-evaluated the severity of [his] offenses" in conducting its section 3553(a) analysis. Br. of Appellant at 10. In his view, because his original sentence was on the low end of the 2000 Guidelines range, the court should have compared his existing sentence to the low end of the current Guidelines range. In other words, Cruz argues that the court erred in failing to account for the change in law when considering the seriousness of his underlying offense in its section 3553(a) analysis. But section 3553(a) does not require this type of reevaluation. A district court exercises significant discretion in weighing sentencing factors under section 3553(a). *United States v. Rosales-Bruno*, 789 F.3d 1249, 1254 (11th Cir. 2015). And nothing mandates that a district court factor a change-in-law into its assessment.

Under section 3582(c)(1)(A), the absence of any of the three statutory requirements—*i.e.*, support in the section 3553(a) factors, extraordinary and compelling reasons, and adherence to section 1B1.13's policy statement—forecloses a sentence reduction.

*Tinker,* 14 F.4th at 1237–38. Accordingly, because the district court denied Cruz's motion for lack of support in the section 3553(a) analysis, it was not required to address his extraordinary and compelling reasons argument. Similarly, because we affirm the district court's ruling that the section 3553(a) factors do not support a sentence reduction, we need not review its determination that Cruz also remains a danger to the public.

## IV.

For the foregoing reasons, the district court's judgment is **AFFIRMED.**